28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kedrick Frank O'MEARA, Defendant-Appellant.
 No. 93-7323.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 6, 1994.
Decided: July 13, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-91-44).
 ARGUED: Hunt L. Charach, Federal Public Defender, Charleston, WV, for appellant.
 Charles T. Miller, First Asst. U.S. Atty., Charleston, WV, for appellee.
 ON BRIEF: C. Cooper Fulton, Asst. Fed. Public Defender, Charleston, WV, for appellant.
 Rebecca A. Betts, U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In this appeal we review the district court's order denying discharge to Kedrick Frank O'Meara, an institutionalized insanity acquittee, who petitioned the court for release on the grounds that his mental illness is currently in remission. The district court denied O'Meara's petition for release based on its findings that O'Meara continues to suffer from a mental disease or defect, such that his release would create a substantial risk of bodily injury to another person or serious damage to property of another. We affirm.
 
 I.
 
 2
 On October 25, 1990 O'Meara destroyed, by molotov cocktail, an apartment in a residential complex operated by Shawnee Hills Community Mental Health/Mental Retardation, Inc., resulting in the death of one of the occupants of the building. O'Meara was indicted on one count of maliciously damaging or destroying by fire or an explosive a building used in interstate commerce, proximately causing the death of a person in violation of 18 U.S.C. Sec. 844(i), and one count of using a firearm in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c). The district court found O'Meara not guilty by reason of insanity as to the two counts in his indictment based on its findings that shortly before the bombing incident O'Meara had experienced auditory command hallucinations, during which time he heard a voice ordering him to construct bombs and to destroy one building on each of three consecutive nights and then to kill himself. The court also found that O'Meara had a history of mental illness dating back to 1980, and that he had been receiving medication and outpatient services to control his schizoaffective disorder and alcohol dependence since 1987. On October 4, 1991, following a hearing as prescribed by 18 U.S.C. Sec. 4243(c), the district court committed O'Meara to the custody of the Attorney General for treatment. He initially began treatment at the Federal Medical Center for federal prisoners in Springfield, Missouri, but was later transferred to the Federal Medical Center in Rochester, Minnesota.
 
 
 3
 On November 16, 1992 the Federal Medical Center in Rochester sent to the district court, counsel for O'Meara, and counsel for the United States, a periodic report as required by 18 U.S.C. Sec. 4247(e). The report concluded that O'Meara continues to suffer from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.
 
 
 4
 O'Meara subsequently filed a motion requesting a hearing to determine whether he should be discharged or conditionally discharged from the Federal Medical Center, Rochester, pursuant to 18 U.S.C. Sec. 4247(h). In accordance with the requirements of 18 U.S.C. Sec. 4243(e), the district court held a hearing on August 6, 1993. The district court received medical reports and heard testimony from three treating psychiatrists. Although the consensus was that O'Meara's schizophrenia was in remission, all three doctors agreed that O'Meara suffered from severe alcohol dependence, which, if not controlled through a comprehensive drug education and rehabilitation program, would trigger his other mental disorders, namely major depression with psychotic features and personality disorder with antisocial and narcissistic features. O'Meara has refused such treatment. The doctors also agreed that O'Meara would be a risk to harm another person or himself if he were now released. Based on this expert testimony, the district court made the following findings of fact:
 
 
 5
 The court finds that the defendant continues to suffer from a mental disease or defect which creates a substantial risk of bodily injury to others, as well as damage to the property of others, by reason of his current condition which has remained without significant change from the time of the report by the Federal Medical Center at Rochester, Minnesota, dated November 16, 1992. The defendant's condition is diagnosed and found to be as follows:
 
 
 6
 Schizoaffective Disorder, depressive type.
 
 
 7
 Alcohol Abuse.
 
 
 8
 Personality Disorder, NOS, with antisocial and narcissistic traits.
 
 
 9
 The district court concluded that O'Meara's release would present substantial risk of bodily injury and property damage such that his release would not be appropriate at this time.
 
 II.
 
 10
 On appeal, O'Meara assigns error to the district court's determinations, arguing that the evidence presented at the August 6, 1993 hearing established that he has recovered from his prior mental illness. He therefore contends that the district court erred in denying his petition for release. At oral argument, however, O'Meara's counsel informed us that O'Meara's mental condition, while previously in a state of adequate remission, has since deteriorated significantly. A forensic progress report from the Federal Medical Center in Rochester, Minnesota, dated June 9, 1994, confirms that O'Meara currently suffers from paranoid delusional thinking and that he has resisted any type of treatment. Thus, while the district court's findings were sufficient to support its decision to deny release to O'Meara, these recent developments clearly show that O'Meara now suffers from a mental disease or defect which creates a substantial risk of bodily injury to others. Accordingly, we affirm the district court's order denying O'Meara's release at the present time.
 
 AFFIRMED